UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES DAVIS,

    Plaintiff,

v.  05-3064

WARDEN WINTERS et al.,

    Defendants.

### ORDER

    On May 5, 2005, the court concluded that the plaintiff stated claims of excessive force and deliberate indifference to his serious medical needs. The case was sent for service and all the defendants, except for the "Doe" defendants, have appeared. A rule to show cause was entered, directing the plaintiff to show why those Doe defendants should not be dismissed for failure to timely identify and serve them.

    The plaintiff has filed what are construed as motions to compel the identity of the Doe defendants who allegedly participated in the excessive force against him. He attaches documentation showing that he has tried to obtain their identities through prison channels since this court's merit review order. The defendants respond that the plaintiff never served them with any discovery request for the identities.

    "[I]t is incumbent [upon district courts] . . . to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds. . . . To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

    The plaintiff did not send discovery requests to the defendants for the information he seeks before filing his motions in court, though the court advised him to do so. (d/e 6). However, he did timely attempt to discover the Doe identities through other prison channels. Requiring him to submit discovery requests to the defendants at this point will only prolong the case unnecessarily, as he is clearly entitled to discover this information. In the interest of efficiency, the court will direct the defendants to provide the identity and workplace addresses of the Doe defendants present during the alleged excessive force incident, so that service can be ordered.

    However, the plaintiff's motions are not directed at the identity of "Jane Doe," apparently the Health Care Administrator at Hill Correctional Center. Nor did the plaintiff seek Jane Doe's identity through the prison channels he used. Accordingly, defendant Jane Doe, Health Care Administrator at Hill Correctional Center during the relevant time, will be dismissed pursuant to Fed. R. Civ. P. 4(m).

    Additionally, the other information the plaintiff seeks in his motions belongs in a discovery request to the defendants under the Federal Rules of Civil Procedure. The court is assisting in discovering the Doe identities for purpose of effecting service, but it is the plaintiff's responsibility to conduct his own discovery to support his case. Discovery requests are not filed with the court. CDIL Local Rule 26.3. The plaintiff should re-send his requests to the defendants as specified in the Federal Rules of Civil Procedure. If the defendants refuse to answer his requests, the plaintiff may then file a motion to compel with the court, attaching his discovery requests, the defendants' answers, and identifying which answers are objectionable.

IT IS THEREFORE ORDERED:

1) By December 30, 2005, the defendants are directed to provide the plaintiff and the court with the names and IDOC work addresses of:

    a) the Correctional Sergeant assigned to or working the 7:00 a.m. to 3:00 p.m. shift in "rec and seg" at Western Illinois Correctional Center on July 21, 2004, who was present at any time during the incident involving the plaintiff on the morning of July 21, 2004, as alleged in the Plaintiff's Complaint.

    b) the Correctional Officers assigned to the 7:00 a.m. to 3:00 p.m. shift in "rec and seg" at Western Illinois Correctional Center on July 21, 2004, who were present any at time during the incident involving the plaintiff on the morning of July 21, 2004, as alleged in the Plaintiff's Complaint.

If an individual no longer works for the IDOC, the defendants shall inform the plaintiff and the court by December 30, 2005, whether a forwarding or last-known address is available for service on said individual.

2) The status conference scheduled for December 16, 2005 was cancelled and rescheduled for January 6, 2006, at 10:00 a.m., by telephone conference. The clerk is directed to issue appropriate process to secure the plaintiff's presence by telephone at the January 6, 2006 hearing.

3) The plaintiff's motions are denied (d/e's 28, 29, 30). His requests for the Doe identities are moot, and his other discovery requests must be made to the defendants pursuant to the Federal Rules of Civil Procedure.

4) The clerk is directed to send a copy of Local Rule 26.3 to the plaintiff.

5) Defendant Jane Doe, health care administrator at Hill Correctional Center during times relevant, is dismissed without prejudice for the plaintiff's failure to timely identify and serve her, pursuant to Fed. R. Civ. P. 4(m).

Entered this 20th Day of December, 2005.

                                            **s\Harold A. Baker**

                                              HAROLD A. BAKER
                                       UNITED STATES DISTRICT JUDGE